UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
_____

In Re:                                                    **NOTICE OF PRESENTMENT**
      SCOTT & SELINA TARANTO,           Case No.: 10-76041-ast
                                             Chapter 13

          Debtor(s)
_____

        **PLEASE TAKE NOTICE**, that an Application and Order, of which the within is a true copy, will be presented for signature to the Hon. Alan Trust, one of the judges of the within named Court, in Chambers at the United States Bankruptcy Court, 290 Federal Plaza Central Islip NY on the 15th day of July 2011 at 10:00 am.

        The application seeks to expunge Claim #1 filed by ECast Settlement Corporation assignee of HSBC, Claim #2 filed by ECast Settlement Corporation assignee of FIA Card, Claim #3 filed by ECast Settlement Corporation assignee of HSBC Bank Nevada, Claim #6 filed by Palisades Collections, LLC and Claim #9 filed by LVNV Funding, LLC.

        If you have good reason to object to the granting of the proposed order, you must do so in writing and at least seven (7) days before the order is to be signed, you must serve the undersigned and all other entities to whom this motion has been noticed, with a copy of your objections and file an affidavit of such service with the Bankruptcy Court.  If no proper objections are timely filed and served and if the court is satisfied from the application that the moving party is entitled to the relief sought, the Court may sign the Order without notice or hearing.

        **Please be advised that if an objection is timely filed to the relief requested, or if the Court determines that a hearing is appropriate, the Court will schedule a hearing. Notice of such a hearing will be provided by the movant.**

Dated: Babylon NY
       June 21, 2011

_/s/ Michael A. Kinzer, Esq._
Attorney for Debtor(s)
384 West Main Street
Babylon NY 11702
631-321-8584

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
_____

In Re:                                                      **Affirmation in Support**
        SCOTT & SELINA TARANTO,               Case No.: 10-76041-ast
                                        Chapter 13

            Debtor(s)
_____

        MICHAEL A. KINZER, an attorney duly licensed to practice law in the State of New York and admitted to practice in the Eastern District of New York, under the penalties of perjury, deposes and says:

        1.      I am the attorney for Scott & Selina Taranto, the debtors herein, and as such I am familiar with the facts and circumstances of the instant bankruptcy proceeding.  I make this affirmation in support of the instant motion that seeks to object to claim Claim #1 filed by ECast Settlement Corporation assignee of HSBC, Claim #2 filed by ECast Settlement Corporation assignee of FIA Card, Claim #3 filed by ECast Settlement Corporation assignee of HSBC, Claim #6 filed by Palisades Collections, LLC and Claim #9 filed by LVNV Funding, LLC (Copies of these claims are attached hereto and marked as **Exhibit A**).

### STANDARD FOR ALLOWING PROOFS OF CLAIMS

        2.      Bankruptcy Rule 3001(f) provides that a proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim.  However, in order to receive the benefit of the proof of claim's prima facie validity, the proof of claim must set forth the facts necessary to support the claim. *In re Marino*, 90 B.R. 25 (Bank. D. Conn. 1988); *In re Chain*, 255 B.R. 279 (Bank. D. Conn. 2000). Additionally, Bankruptcy Rule 3001(c) provides that when a claim is based upon a writing, the original or a duplicate of that writing ***shall*** be filed with the proof of claim. (emphasis added). The court in *In re Henry*, 311 B.R. 813 (Bankr. W.D. Wash, 2004), ruled that a creditor, at minimum, should file with its proof of claim a sufficient number of monthly account

statements to show how the total amount asserted has been calculated, and a copy of the agreement authorizing the charges and fees included in the claim. In the absence of that minimum evidentiary presentation, the creditor's claim should be disallowed.

## CLAIM #1 ECAST SETTLEMENT CORP ASSIGNEE OF HSBC

3.    The proof of claim filed by ECast Settlement Corp Assignee of HSBC (hereinafter "ECast 1") has clearly failed to meet the documentation requirements in order to have its claim allowed. Specifically, it attaches to its claim an "Assignment of Accounts" dated December 29, 2008, purporting to sell accounts belonging to HSBC Consumer Lending (USA) Inc. to ECast 1. It fails to include a copy of the credit card agreement or a record of any transaction that is related to the claim. Additionally, the assignment within the claim fails to identify the debtor's specific account, including an account owed by the debtors to HSBC Consumer Lending nor does it mention that it . ECast 1 attaches an additional document stating that HSBC Consumer Lending transferred the alleged debt to it son or about 10/25/2008. Finally, it attaches a brief Account Summary which merely includes a brief summary of the amount due with the debtor's names and address but fails to include any account statements to show how the this amount has been calculated, and fails to include a copy of the agreement authorizing the charges and fees included in the claim.

4.    Furthermore, pursuant to the attached affidavits of the debtors, Scott Taranto and Selina Taranto, neither of them ever had any dealings with ECast 1. Furthermore, neither of them ever received any correspondence from HSBC that HSBC had sold or transferred any debt that they allegedly owed to HSBC to ECast 1.

5.    As such, ECast 1 claim is not only not entitled to *prima facie* validity under Bankruptcy Rule 3001(f) but as its claim fails to include the minimum evidentiary documentation to have its claim declared valid. As such, its claim should be disallowed in its entirety.

## CLAIM #2 ECAST SETTLEMENT CORP ASSIGNEE
## OF FIA CARD SERVICES AKA BANK OF AMERICA

6.      The proof of claim filed by ECast Settlement Corp Assignee of FIA Card Services aka Bank of America (hereinafter "ECast 2") also fails to meet the documentation requirements in order to have its claim allowed.  Specifically, it attaches to its claim an "Assignment of Accounts" dated December 29, 2008, purporting to sell an account of HSBC Consumer Lending (USA) Inc. to ECast 2.  However, this assignment does not identify the specific account assigned nor does it mention that it includes any debt owed to it by either of the debtors.   It also attaches an Account Summary which merely includes a brief summary of the amount due with the debtor's names and address but fails to include any account statements to show how the this amount has been calculated, and fails to include a copy of the agreement authorizing the charges and fees included in the claim.

7.      Furthermore, pursuant to the attached affidavits of the debtors, Scott Taranto and Selina Taranto, neither of them ever had any dealings with ECast 2.  Furthermore, neither of them ever received any correspondence from FIA Card Services that FIA Card Services had sold or transferred any debt that they allegedly owed to FIA Card Services to ECast 2.

8.      As such, the claim filed by ECast 2 is not only not entitled to *prima facie* validity under Bankruptcy Rule 3001(f) but it fails to include the minimum evidentiary presentation to have its claim deemed valid.  As such, its claim should be disallowed in its entirety.

## CLAIM #3 ECAST SETTLEMENT CORP ASSIGNEE
## OF HSBC BANK NEVADA AND ITS ASSIGNS

9.      The proof of claim filed by ECast Settlement Corp Assignee of HSBC Bank Nevada and its assigns (hereinafter "ECast 3") likewise fails to meet the documentation requirements in order to have its claim allowed.  Specifically, it attaches to its claim an undated "Assignment of Accounts" purporting to sell an account of HSBC Bank Nevada to ECast 3.  However, this assignment does not identify the specific account assigned nor does it mention that it includes any debt owed to it by either of the debtors.   The claim also attaches an "Account Summary" which merely includes a brief summary of the amount due with the debtor's names and address but fails to include any account statements to show how this amount has been calculated, and fails to include a copy of the agreement authorizing the charges and fees included in the claim.

10.      Furthermore, pursuant to the attached affidavits of the debtors, Scott Taranto and Selina Taranto, neither of them ever had any dealings with ECast 3.  Furthermore, neither of them ever received any correspondence from HSBC Bank Nevada notifying them that it had sold or transferred any debt that they allegedly owed to it to ECast 3.

11.      As such, the claim filed by ECast 3 is not only not entitled to *prima facie* validity under Bankruptcy Rule 3001(f) but it fails to include the minimum evidentiary presentation to have its claim deemed valid.  As such, its claim should be disallowed in its entirety.

## CLAIM #6 PALISADES COLLECTIONS, LLC

12.      The proof of claim filed by Palisades Collections, LLC (hereinafter "Palisades") also fails to meet the documentation requirements in order to have its claim allowed.  It can be deduced from examining the claim, that the original creditor was 'Heritage Chase' as it mentions Heritage Chase as the original creditor and includes a copy of one Chase

credit card statement from 2008 billed to the debtor, Scott Taranto.  However, it shows absolutely no proof that this specific account was assigned or transferred to it from Heritage Chase, it fails to show how the amount it is claiming in its claim has been calculated and it fails to include a copy of the agreement authorizing the charges and fees included in its claim.

13.     Furthermore, pursuant to the attached affidavits of the debtors, Scott Taranto and Selina Taranto, neither of them ever had any dealings with Palisades. Furthermore, neither of them ever received any correspondence from Chase notifying them that it had sold or transferred any debt that they allegedly owed to it to Palisades.

14.     As such, not only is the claim filed by Palisades is not entitled to *prima facie* validity under Bankruptcy Rule 3001(f) but it fails to include the minimum evidentiary presentation to have its claim deemed valid.  As such, its claim should be disallowed in its entirety.

## CLAIM #9 LVNV FUNDING

15.     The proof of claim filed by LVNV Funding LLC (hereinafter "LVNV") also fails to meet the documentation requirements in order to have its claim allowed.   Although LVNV alleges that the alleged debt was purchased from Citibank, LVNV shows absolutely no proof that this specific account was assigned or transferred to it from Citibank, it fails to show how the amount it is claiming in its claim has been calculated and it fails to include a copy of the agreement authorizing the charges and fees included in its claim.

16.     Furthermore, pursuant to the attached affidavits of the debtors, Scott Taranto and Selina Taranto, neither of them ever had any dealings with LVNV.  Furthermore, neither of them ever received any correspondence from Citibank notifying them that it had sold or transferred any debt that they allegedly owed to it to LVNV.

17.     As such, not only is the claim filed by LVNV is not entitled to *prima facie* validity under Bankruptcy Rule 3001(f) but it fails to include the minimum evidentiary

presentation to have its claim deemed valid.  As such, its claim should be disallowed in its entirety.

18.    In conclusion, the debtors maintain that they have produced sufficient evidence to rebut the validity of the claims filed by ECast1, ECast 2, ECast 3, Palisades and LVNV.

WHEREFORE, your affirmant respectfully requests an order expunging Claim #1 filed by ECast Settlement Corporation assignee of HSBC, Claim #2 filed by ECast Settlement Corporation assignee of FIA Card, Claim #3 filed by ECast Settlement Corporation assignee of HSBC Bank Nevada, Claim #6 filed by Palisades Collections, LLC and Claim #9 filed by LVNV Funding, LLC together with any other and further relief that this court deems just and proper.

Dated:    Babylon NY
          June 21, 2011

*/s/ Michael A. Kinzer, Esq.*
Attorney for Debtors
384 W. Main Street
Babylon, NY 11702
631-321-8584

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
_____

In Re:                                                    **Affidavit in Support**
         SCOTT & SELINA TARANTO,          Case No.: 10-76041-ast
                                     Chapter 13
            Debtor(s)
_____

STATE OF NEW YORK }
                  }SS.
COUNTY OF SUFFOLK}

        Scott Taranto, being duly sworn and under the penalties of perjury deposes and says:

        1.     I am the debtor in the above entitled bankruptcy proceeding and as such I am familiar with the facts and circumstances of this action.  I make this affidavit in support of the instant motion objecting to the proofs of claim filed by ECast Settlement Corporation assignee of HSBC, ECast Settlement Corporation assignee of FIA Card, ECast Settlement Corporation assignee of HSBC Bank Nevada, Palisades Collections, LLC and LVNV Funding, LLC.

        2.     I have reviewed the proofs of claim submitted by all of these creditors. I have never had any business or financial dealings directly with ECast Settlement Corporation, Palisades Collection, LLC or LVNV Funding, LLC and don't believe I owe any of them money.  Additionally, I have never received any notifications from HSBC, FIA Card or HSBC Bank Nevada that they have assigned or transferred any debt that I owed to them to ECast Settlement Corporation.   Finally, I have never received any notifications from Chase or Citibank, respectively that they assigned any debt that I owed to either of them to Palisades Collections, LLC and/or LVNV Funding, LLC, respectively.

        WHEREFORE, your affirmant respectfully requests an order expunging Claim #1 filed by ECast Settlement Corporation assignee of HSBC, Claim #2 filed by ECast Settlement

Corporation assignee of FIA Card, Claim #3 filed by ECast Settlement Corporation assignee of HSBC Bank Nevada, Claim #6 filed by Palisades Collections, LLC and Claim #9 filed by LVNV Funding, LLC together with any other and further relief that this court deems just and proper.

                                                                          */s/ Scott  Taranto*

Sworn to me this
4th day of May 2011

*/s/ Notary Public*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
_____

In Re:                                              **Affidavit in Support**
      SCOTT & SELINA TARANTO,            Case No.: 10-76041-ast
                                                    Chapter 13

            Debtor(s)
_____

STATE OF NEW YORK }
               }SS.
COUNTY OF SUFFOLK}

          Selina Taranto, being duly sworn and under the penalties of perjury deposes and says:

          1.     I am the joint debtor in the above entitled bankruptcy proceeding and as such I am familiar with the facts and circumstances of this action.  I make this affidavit in support of the instant motion objecting to the proofs of claim filed by ECast Settlement Corporation assignee of HSBC, ECast Settlement Corporation assignee of FIA Card, ECast Settlement Corporation assignee of HSBC Bank Nevada, Palisades Collections, LLC and LVNV Funding, LLC.

          2.     I have reviewed the proofs of claim submitted by all of these creditors. I have never had any business or financial dealings directly with ECast Settlement Corporation, Palisades Collection, LLC or LVNV Funding, LLC and don't believe I owe any of them money.  Additionally, I have never received any notifications from HSBC, FIA Card or HSBC Bank Nevada that they have assigned or transferred any debt that I owed to them to ECast Settlement Corporation.   Finally, I have never received any notifications from Chase or Citibank, respectively that they assigned any debt that I owed to either of them to Palisades Collections, LLC and/or LVNV Funding, LLC, respectively.

          WHEREFORE, your affirmant respectfully requests an order expunging Claim #1 filed by ECast Settlement Corporation assignee of HSBC, Claim #2 filed by ECast Settlement

Corporation assignee of FIA Card, Claim #3 filed by ECast Settlement Corporation assignee of HSBC Bank Nevada, Claim #6 filed by Palisades Collections, LLC and Claim #9 filed by LVNV Funding, LLC together with any other and further relief that this court deems just and proper.

*/s/ Selina Taranto*

Sworn to me this
4th day of May 2011

*/s/ Notary Public*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
_____

In Re:                                                              **ORDER**

     SCOTT & SELINA TARANTO,                 Case No.: 10-76041-ast
                                                                    Chapter 13

           Debtor(s)
_____


        **WHEREFORE,** on August 2, 2010, the debtors herein, filed the instant Chapter 13 bankruptcy proceeding;

        **WHEREFORE,** debtor's counsel having moved this court by notice of presentment in support of an order expunging Claim #1 filed by ECast Settlement Corporation assignee of HSBC, Claim #2 filed by ECast Settlement Corporation assignee of FIA Card, Claim #3 filed by ECast Settlement Corporation assignee of HSBC Bank Nevada, Claim #6 filed by Palisades Collections, LLC and Claim #9 filed by LVNV Funding, LLC;

        **WHEREFORE,** the debtor having objected to these claims by notice of presentment and all claimants failing to file written opposition to the debtor's application and after due deliberation; it is

        **ORDERED,** that Claim #1 filed by ECast Settlement Corporation assignee of HSBC, Claim #2 filed by ECast Settlement Corporation assignee of FIA Card, Claim #3 filed by ECast Settlement Corporation assignee of HSBC Bank Nevada, Claim #6 filed by Palisades Collections, LLC and Claim #9 filed by LVNV Funding, LLC are hereby expunged;


Dated:    Central Islip, NY


                         _____
                         Hon. Alan S. Trust
                         United States Bankruptcy Judge

# EXHIBIT A

| B10 (Official Form 10) (04/10) | | BL7995851 |
|---|---|---|

| UNITED STATES BANKRUPTCY COURT - EASTERN DISTRICT OF NEW YORK CENTRAL ISLIP DIVISION | Tax Id # 23-2590912 PROOF OF CLAIM Chapter 13 |
|---|---|

**Name of Debtor:** SCOTT TARANTO
**AKA:** SCOTT J TARANTO

Judge ROBERT E. GROSSMAN
Case Number: 10-76041-REG

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

**Name of Creditor (The person or other entity to whom the debtor owes money or property):**
eCAST Settlement Corporation, assignee of HSBC CONSUMER LENDING (USA) INC.

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:_____

**Name and address where notices should be sent:**
eCAST Settlement Corporation
POB 35480
Newark, NJ 07193-5480

Filed on: _____

**Telephone number:** 610-644-7800

**Name and address where payment should be sent (if different from above):**

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**Telephone number:**

**1. Amount of Claim as of Date Case Filed:**    $    11,343.02

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**2. BASIS FOR CLAIM:** _____ CREDIT CARD DEBT

(See instruction #2 on reverse side.)

**3. Last four digits of account or other number by which creditor identifies debtor:** _____ **********7827

3a. Debtor may have scheduled account as: ___ HSBC CONSUMER LENDING (USA) INC. ___
(See instruction #3a on reverse side)

**4. Secured Claim. (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:    ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe:

Value of Property: $_____ Annual Interest Rate _____ %

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $_____ Basis for perfection: _____

Amount of Secured Claim: $_____ Amount Unsecured: $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. §507(a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507(a)(7)

☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. §507(a)(_.

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgements, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

Amount entitled to priority:

$_____

*\*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

Date: 8/18/10    /s/ THOMAS A. LEE III
Becket & Lee LLP, Attorneys/Agent for Creditor

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.    A02MPK5

Pet: 8/2/10    CMX91168



ASSIGNMENT OF ACCOUNTS

HSBC Consumer Lending (USA) Inc., a Delaware Corporation, as managing corporation for HFC Company LLC and Beneficial Company LLC and its lending subsidiaries ("Seller"), for value received, without recourse, transfers, sells, assigns, conveys, grants and delivers to eCAST Settlement Corporation, ("Buyer") all right, title and interest in and to (i) Seller's unsecured consumer loan accounts which are described on computer files furnished by Seller to Buyer; and (ii) all remittances of such accounts (each, an "Account"). This assignment shall have effect with respect to each Account on the day immediately following the day the Charge-off File identifying the Account is delivered from Seller to Buyer.

Each of the obligations of Seller required to be performed by Seller on or prior to the date hereof has been duly performed.

Dated: October 1, 2006

By:_____
Name:
Title:
       Mushtaq H. Sahaf
       Vice President
      841 Seahawk Circle
     Virginia Beach, VA 23452

**Seller:**    HSBC CONSUMER LENDING (USA) INC.

Account Number:    **********7827

### Explanation Of Unavailable Or Voluminous Documentation Not Attached

<u>Assignment of Account</u>

    Documentation related to the sale of this account from HSBC CONSUMER LENDING (USA) INC. to eCAST includes voluminous documents that are not attached.  eCAST purchased the account from HSBC CONSUMER LENDING (USA) INC. as evidenced by the assignment attached hereto.  This account was transferred to eCAST on or about 10/25/2008 through delivery of a voluminous electronic sale file containing the debtor's information as well as private, non-public personal and account information of other customers.

<u>Summary of Account Information</u>

    This claim arises from the use of a credit card debt. Documentation related to the account is voluminous and/or may no longer be available.  A summary of the account information is provided.

BL7995851

| | | | |
|---|---|---|---|
| Bankrupt Debtor: | SCOTT TARANTO | Bankruptcy Number: | 10-76041-REG |
| | | Chapter: | 13 |
| | ***-**-4366 | District Code: | NYECI |
| | 415 LINDEN STREET | Petition Date: | 08/02/2010 |
| | BELLMORE, NY 11710-3459 | | |

Bankrupt Debtor:  SELINA TARANTO
               ***-**-8409
               415 LINDEN STREET
               BELLMORE, NY 11710-3459

eCAST Settlement Corporation, assignee of HSBC CONSUMER LENDING (USA) INC.
POB 35480
Newark, NJ 07193-5480

## ACCOUNT SUMMARY

Account Debtor:      SCOTT TARANTO
A/K/A:              SCOTT TARANTO
                  ***-**-4366
                  415 LINDEN ST
                  BELLMORE, NY 11710-3459

Account Number:      **********7827
Account Type:        CREDIT CARD DEBT

Open Date:           08/31/07
Charge Off Date:     08/21/08
Last Pay Date:       08/31/07

| | |
|---|---|
| Beginning Balance At Purchase | $ 11,343.02 |
| Interest from date of purchase | $ 0.00 |
| Payments | $ 0.00 |
| Current Balance as of  08/02/2010 | $ 11,343.02 |

Pursuant to paragraph 7 Official Bankruptcy Form 10, Proof of Claim, in lieu of attaching voluminous account documents, a summary of the account, compiled from the information contained in the account databases of HSBC CONSUMER LENDING (USA) INC. and/or eCAST Settlement Corporation and their agents, if any, is provided.  (See Instructions to Official Form 10). This debt arises from the use of a credit / charge card account or other money loaned, the supporting documents for which were provided by HSBC CONSUMER LENDING (USA) INC. and/or eCAST Settlement Corporation to the debtor pre-petition. For further information about this claim call 1-800-962-6030 and ask to speak to the Claims Servicing Supervisor.  Some documents may no longer be available.
6468983

| B10 (Official Form 10) (04/10) | | BL7995852 |
|---|---|---|
| UNITED STATES BANKRUPTCY COURT - EASTERN DISTRICT OF NEW YORK CENTRAL ISLIP DIVISION | | Tax Id # 23-2590912 PROOF OF CLAIM Chapter 13 |

| Name of Debtor: SELINA TARANTO<br>AKA: SELINA E TARANTO | Judge ROBERT E. GROSSMAN<br>Case Number: 10-76041-REG |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (The person or other entity to whom the debtor owes money or property):

**eCAST Settlement Corporation, assignee of FIA Card Services aka Bank of America**

☐ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:

eCAST Settlement Corporation
POB 35480
Newark, NJ 07193-5480

Court Claim Number:_____

Telephone number:   610-644-7800

Filed on: _____

Name and address where payment should be sent (if different from above):

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:

| 1. Amount of Claim as of Date Case Filed:          $     4,346.58 | 5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount. |
|---|---|

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

Specify the priority of the claim.

**2. BASIS FOR CLAIM:** _____CREDIT CARD DEBT_____

(See instruction #2 on reverse side.)

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

3. Last four digits of account or other number by which creditor identifies debtor: _____***********0402

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507(a)(4).

3a. Debtor may have scheduled account as:  __FIA Card Services aka Bank of America__

(See instruction #3a on reverse side.)

4. Secured Claim. (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

☐ Contributions to an employee benefit plan - 11 U.S.C. §507(a)(5).

Nature of property or right of setoff:      ☐ Real Estate       ☐ Motor Vehicle       ☐ Other
Describe:

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507(a)(7)

Value of Property: $_____ Annual Interest Rate _____ %

Amount of arrearage and other charges as of time case filed included in secured claim,

☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507(a)(8).

if any: $_____ Basis for perfection: _____

☐ Other - Specify applicable paragraph of 11 U.S.C. §507(a)(_.

Amount of Secured Claim: $_____ Amount Unsecured: $_____

Amount entitled to priority:

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

$_____

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgements, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See definition of "redacted" on reverse side.)*

*\*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

| Date:8/18/10       /s/ THOMAS A. LEE III<br>            Becket & Lee LLP, Attorneys/Agent for Creditor | FOR COURT USE ONLY |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.          A054J68

Pet:8/2/10          CMX91170



**EXHIBIT C**

<u>ASSIGNMENT OF ACCOUNTS</u>

FIA Card Services, N.A. (the "Seller"), pursuant to the terms, exclusions and provisions of the Purchase Agreement for Forward Flow Accounts dated as of July 1, 2008   between eCAST Settlement Corp (the "Buyer") and the Seller (the '" Agreement"), for value received, without recourse, transfers, sells and assigns, to the Buyer, all right, title and interest in and to (i) each of the Seller's charged-off, unsecured consumer credit card and line of credit accounts, identified in a computer file delivered herewith, with respect to which the debtor of each account filed under Chapter 13 of the United States Bankruptcy Code; and (ii) all proceeds of such accounts (the "Accounts") after the Closing Date for this sale.

Dated: December 29, 2008

FIA Card Services, N.A.

Name: Debra L. Pellicciaro
Title: Assistant Vice President

**Seller:**    FIA CARD SERVICES, NA

Account Number:    ************0402

### Explanation Of Unavailable Or Voluminous Documentation Not Attached

Assignment of Account

   Documentation related to the sale of this account from FIA CARD SERVICES, NA to eCAST includes voluminous documents that are not attached.  eCAST purchased the account from FIA CARD SERVICES, NA as evidenced by the assignment attached hereto.  This account was transferred to eCAST on or about 12/29/2008 through delivery of a voluminous electronic sale file containing the debtor's information as well as private, non-public personal and account information of other customers.

Summary of Account Information

   This claim arises from the use of a credit card debt. Documentation related to the account is voluminous and/or may no longer be available.  A summary of the account information is provided.

Bankrupt Debtor: **SELINA TARANTO**

Bankruptcy Number: 10-76041-REG
Chapter: 13
District Code: NYEC1
Petition Date: 08/02/2010

\*\*\*-\*\*-8409
415 LINDEN STREET
BELLMORE, NY 11710-3459

Bankrupt Debtor: **SCOTT TARANTO**
\*\*\*-\*\*-4366
415 LINDEN STREET
BELLMORE, NY 11710-3459

eCAST Settlement Corporation, assignee of FIA Card Services aka Bank of America
POB 35480
Newark, NJ 07193-5480

## ACCOUNT SUMMARY

Account Debtor: **SELINA TARANTO**
A/K/A: **SELINA TARANTO**
\*\*\*-\*\*-8409
415 LINDEN ST
BELLMORE, NY 11710

| | |
|---|---|
| Account Number: | \*\*\*\*\*\*\*\*\*\*\*\*0402 |
| Account Type: | CREDIT CARD DEBT |
| Open Date: | 08/29/02 |
| Charge Off Date: | 11/28/08 |
| Last Pay Date: | 07/11/08 |

| | |
|---|---|
| | $ 4,346.58 |
| Beginning Balance At Purchase | $ 0.00 |
| Interest from date of purchase | $ 0.00 |
| Payments | $ 4,346.58 |
| Current Balance as of 08/02/2010 | |

Pursuant to paragraph 7 Official Bankruptcy Form 10, Proof of Claim, in lieu of attaching voluminous account documents, a summary of the account, compiled from the information contained in the account databases of FIA Card Services aka Bank of America and/or eCAST Settlement Corporation and their agents, if any, is provided. (See Instructions to Official Form 10). This debt arises from the use of a credit / charge card account or other money loaned, the supporting documents for which were provided by FIA Card Services aka Bank of America and/or eCAST Settlement Corporation to the debtor pre-petition. For further information about this claim call 1-800-962-6030 and ask to speak to the Claims Servicing Supervisor. Some documents may no longer be available.

6469636

**B10 (Official Form 10) (04/10)**

BL7995854

| UNITED STATES BANKRUPTCY COURT - | EASTERN DISTRICT OF NEW YORK<br>CENTRAL ISLIP DIVISION | Tax Id # 23-2590912<br>PROOF OF CLAIM<br>Chapter 13 |
|---|---|---|

| Name of Debtor: SCOTT TARANTO<br>AKA: SCOTT J TARANTO | Judge ROBERT E. GROSSMAN<br>Case Number: 10-76041-REG |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>**eCAST Settlement Corporation, assignee of HSBC Bank Nevada and its Assigns** | ☐ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|

Name and address where notices should be sent:

eCAST Settlement Corporation
POB 35480
Newark, NJ 07193-5480

Court Claim Number:_____

Filed on: _____

Telephone number:  610-644-7800

| Name and address where payment should be sent (if different from above): | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check this box if you are the debtor or trustee in this case. |
|---|---|

Telephone number:

---

**1. Amount of Claim as of Date Case Filed:**         $    506.18

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**2. BASIS FOR CLAIM:** _____CREDIT CARD DEBT_____

(See instruction #2 on reverse side.)

**3. Last four digits of account or other number by which creditor identifies debtor:** _____************4565_____

3a. Debtor may have scheduled account as: ___HSBC Bank Nevada and its Assigns___
(See instruction #3a on reverse side)

**4. Secured Claim. (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:   ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

Value of Property: $_____ Annual Interest Rate _____ %

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $_____ Basis for perfection: _____

Amount of Secured Claim: $_____ Amount Unsecured: $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgements, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. §507(a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507(a)(7)

☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. §507(a)(_).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date:8/18/10<br>          /s/ THOMAS A. LEE III<br>          Becket & Lee LLP, Attorneys/Agent for Creditor | FOR COURT USE ONLY |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

A05Z69R

Pet:8/2/10

CMX91168



## ASSIGNMENT OF ACCOUNTS

HSBC Bank Nevada, N.A. and HSBC Card Services (III) Inc. (each, the "Seller"), for value received, without recourse, transfer, sell and assign to eCAST Settlement Corporation (the "Buyer") all right, title and interest in and to (i) each unsecured consumer credit card account described on each computer file furnished to the Buyer by the Seller in connection with this assignment (the "Accounts") effective as of the date the purchase price for each such Account is delivered by Buyer to Seller; and (ii) all proceeds of each Account after the close of business on the date the initial computer file relating to such Account is delivered by Seller to Buyer.

The Accounts are accounts with respect to which the Seller has entered on its system that a debtor of the account filed under Chapter 13 of the United States Bankruptcy Code.

Dated:

SELLER:

HSBC BANK NEVADA, N.A.

By: _____
Name: Stephen C. Basilotto
Title: Exec. Vice President

HSBC CARD SERVICES (III) INC.

By: _____
Name: Stephen C. Basilotto
Title: Exec. Vice President

**HSBC Card Services**
PO Box 98711, Las Vegas, NV 89193

HST81110

**Seller:**    HSBC BANK NEVADA, NA AND HSBC CARD SERVICES (III)

Account Number:    ************4565

### Explanation Of Unavailable Or Voluminous Documentation Not Attached

Assignment of Account

    Documentation related to the sale of this account from HSBC BANK NEVADA, NA AND HSBC CARD SERVICES (III) to eCAST includes voluminous documents that are not attached.  eCAST purchased the account from HSBC BANK NEVADA, NA AND HSBC CARD SERVICES (III) as evidenced by the assignment attached hereto. This account was transferred to eCAST on or about 10/21/2008 through delivery of a voluminous electronic sale file containing the debtor's information as well as private, non-public personal and account information of other customers.

Summary of Account Information

    This claim arises from the use of a credit card debt. Documentation related to the account is voluminous and/or may no longer be available.  A summary of the account information is provided.

BL7995854

Bankrupt Debtor:   SCOTT TARANTO

               ***-**-4366
               415 LINDEN STREET
               BELLMORE, NY 11710-3459

| | |
|---|---|
| Bankruptcy Number: | 10-76041-REG |
| Chapter: | 13 |
| District Code: | NYECI |
| Petition Date: | 08/02/2010 |

Bankrupt Debtor:   SELINA TARANTO
               ***-**-8409
               415 LINDEN STREET
               BELLMORE, NY 11710-3459

eCAST Settlement Corporation, assignee of HSBC Bank Nevada and its Assigns
POB 35480
Newark, NJ 07193-5480

## ACCOUNT SUMMARY

Account Debtor:      SCOTT TARANTO
A/K/A:               SCOTT TARANTO
                     ***-**-4366
                     415 LINDEN ST
                     BELLMORE, NY 11710-3459

Account Number:      ************4565
Account Type:        CREDIT CARD DEBT

Open Date:           09/21/07
Charge Off Date:      05/31/08

| | |
|---|---|
| Beginning Balance At Purchase | $ 506.18 |
| Interest from date of purchase | $ 0.00 |
| Payments | $ 0.00 |
| Current Balance as of  08/02/2010 | $ 506.18 |

Pursuant to paragraph 7 Official Bankruptcy Form 10, Proof of Claim, in lieu of attaching voluminous account documents, a summary of the account, compiled from the information contained in the account databases of HSBC Bank Nevada and its Assigns and/or eCAST Settlement Corporation and their agents, if any, is provided.  (See Instructions to Official Form 10).  This debt arises from the use of a credit / charge card account or other money loaned, the supporting documents for which were provided by HSBC Bank Nevada and its Assigns and/or eCAST Settlement Corporation to the debtor pre-petition. For further information about this claim call 1-800-962-6030 and ask to speak to the Claims Servicing Supervisor.  Some documents may no longer be available.
6468975

B 10 (Official Form 10) (04/10)

| UNITED STATES BANKRUPTCY COURT  EASTERN DISTRICT OF  NEW YORK | PROOF OF CLAIM<br>CHAPTER 13 |
|---|---|

| Name of Debtor:<br>**SCOTT J TARANTO** | Case Number:<br>**10-76041** |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**P a l i s a d e s   C o l l e c t i o n s ,   L L C**

☐ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:

**VATIV RECOVERY SOLUTIONS, LLC**
As Agent For **P a l i s a d e s   C o l l e c t i o n s ,   L L C**
**P.O. Box 19249**
**Sugar Land, TX 77496**
Telephone number:
**(800) 941-8632**

**Court Claim Number:_____**
*(If known)*

Filed on:_____

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:**      $ 4128.49

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim: Unsecured merchandise and/or cash advances**
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor: xxxxxxxxxxxx3373**

     **3a. Debtor may have scheduled account as: HERITAGE CHASE**
     (See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:**   ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

**Value of Property:$_____**      **Annual Interest Rate____ %**

**Amount of arrearage and other charges as of time case filed included in secured claim,**

**if any: $_____**   **Basis for perfection: _____**

**Amount of Secured Claim: $_____**   **Amount Unsecured: $_____**

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5.  Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐  Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐  Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐  Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐  Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐  Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐  Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

**Amount entitled to priority:**

$_____

*\*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date:<br>10/5/2010 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>*Thomas A Neaves*<br>Vativ Recovery Solutions, LLC by Thomas Neaves, GM | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

B 10 (Official Form 10) (04/10) – Cont.

---

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

### Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the bankruptcy debtor's name, and the bankruptcy case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is located at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if the trustee or another party in interest files an objection to your claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). If the claim is based on the delivery of health care goods or services, see instruction 2. Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

_____DEFINITIONS_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity owed a debt by the debtor that arose on or before the date of the bankruptcy filing. See 11 U.S.C. §101 (10)

**Claim**
A claim is the creditor's right to receive payment on a debt owed by the debtor that arose on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car.

A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A redactor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

_____INFORMATION_____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

**SMC Bankruptcy**

| | | | |
|---|---|---|---|
| | Account #: xxxxxxxxxxxx3373 | | Debtor #: xxxx0758 |
| | Debtor Last Name: TARANTO | MI: | First: SCOTT J |
| | Co-Maker Last Name: | MI: | First: |
| Received Date: 8/9/2010 | Co-Maker Relationship: | | |
| Due Date: 7/29/2012 | | | |

| | | | |
|---|---|---|---|
| Trustee: MAM | MICHAEL J MACCO | Portfolio: CDBK12    CHASE | |
| Client: PAL | PALISADES COLLECTION/ ASTA FUNDING | Original Creditor:         HERITAGE CHASE | |
| | | Assigned to: #NAME? | On: |
| | | | 4/16/2010 |
| State: NY | District: EASTERN | Division: CENTRAL ISLIP | |

| | | |
|---|---|---|
| | Chapter: 13 | |
| | Case #: 10-76041 | Last Pay Date: |
| Status: B33 | Orig Balance: 4128.49 | Last Amount Pay: 0.00 |
| Closure Code: | Plan Balance: 4128.49 | Total Principal Paid: 0.00 |
| | Current Balance: 4128.49 | Total Interest Paid: 0.00 |

**Payments**

| Date | Amount | Interest Amount | Transaction Type |
|---|---|---|---|
| **Total** | **0.00** | **0.00** | |



## Statement for account number: 3373

| New Balance | Payment Due Date | Past Due Amount | Minimum Payment |
|---|---|---|---|
| $4,236.44 | 07/08/08 | $440.00 | $1,159.44 |

**CHASE**

$ [                    .        ]

Make your check payable to:
**Chase Card Services.**
Please write amount enclosed.
New address or e-mail? Print on back.

SCOTT J TARANTO
415 LINDEN ST
BELLMORE NY 11710-3459

CARDMEMBER SERVICE
PO BOX 15153
WILMINGTON DE 19886-5153



**CHASE**

| | | |
|---|---|---|
| Opening/Closing Date: | 05/19/08 - 06/18/08 | |
| Payment Due Date: | 07/08/08 | |
| Minimum Payment Due: | $1,159.44 | |

**CUSTOMER SERVICE**
In U.S.                    1-800-945-2000
Español                  1-888-446-3308
TDD                        1-800-955-8060
Pay by phone 1-800-436-7958
Outside U.S. call collect
                              1-302-594-8200

### MASTERCARD CARD SUMMARY          Account Number:          3373

| | | | |
|---|---|---|---|
| Previous Balance | $4,056.07 | Total Credit Line | $3,700 |
| Purchases, Cash, Debits | +$78.00 | Available Credit | $0 |
| Finance Charges | +$102.37 | Cash Access Line | $3,700 |
| New Balance | $4,236.44 | Available for Cash | $0 |

**ACCOUNT INQUIRIES**
P.O. Box 15298
Wilmington, DE 19850-5298

**PAYMENT ADDRESS**
P.O. Box 15153
Wilmington, DE 19886-5153

**VISIT US AT:**
www.chase.com/creditcards

The charge privileges on your credit card account have been revoked. You no longer have the ability to use your credit card account for purchases.  We can help you get back on track. Call 1-800-955-8030 (collect 1-302-594-8200) today.

### FLEXIBLE REWARDS SUMMARY

| | |
|---|---|
| Previous points balance | 0 |
| Points earned on purchases this period | 0 |
| New total points balance | 0 |
| Total points unavailable for redemption | 3,258 |

To redeem your Flexible Rewards points, call
1-800-603-2265, or log on to
www.chase.com/creditcards for 24-hour access
to your rewards program.

157 Points to expire on statement on or after NOVEMBER, 2011

### TRANSACTIONS

| Trans Date | Reference Number | Merchant Name or Transaction Description | Amount Credit | Amount Debit |
|---|---|---|---|---|
| 06/08 | | LATE FEE | | $39.00 |
| 05/19 | | OVERLIMIT FEE | | 39.00 |

### FINANCE CHARGES

| Category | Daily Periodic Rate 31 days in cycle | Corresp. APR | Average Daily Balance | Finance Charge Due To Periodic Rate | Transaction Fee | Accumulated Fin Charge | FINANCE CHARGES |
|---|---|---|---|---|---|---|---|
| Purchases | V .07942% | 28.99% | $3,955.86 | $97.39 | $0.00 | $0.00 | $97.39 |
| Cash advances | V .07942% | 28.99% | $202.26 | $4.98 | $0.00 | $0.00 | $4.98 |
| Total finance charges | | | | | | | $102.37 |

**Effective Annual Percentage Rate (APR):**          **28.99%**

Please see Information About Your Account section for balance computation method, grace period, and other important information.

The Corresponding APR is the rate of interest you pay when you carry a balance on any transaction category.
The Effective APR represents your total finance charges - including transaction fees
such as cash advance and balance transfer fees - expressed as a percentage.

| UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br><br>**Taranto,Selina** | Case Number:<br><br>1076041 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br><br>LVNV Funding LLC | [ ] Check this box to indicate that this claim amends a previously filed claim. |
|---|---|
| Name and address where notices should be sent:<br><br>**Resurgent Capital Services**<br>**PO Box 10587**<br>Greenville, SC 29603-0587<br>Telephone Number: (864) 235-7336 | Court Claim Number:<br>*(If known)*<br><br>Filed on: |
| Name and address where payment should be sent (if different from above):<br><br><br><br>Telephone number: | [ ] Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>[ ] Check this box if you are the debtor or trustee in this case. |

| **1. Amount of Claim as of Date Case Filed:**          $2,928.28<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>[ ]Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount**<br><br>Specify the priority of the claim.<br><br>[ ]Domestic support obligations under 11 U.S.C. §507(a)(1)(A)or (a)(1)(B). |
|---|---|
| **2. Basis for Claim:** MASTERCARD | [ ]Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| **3.**Last four digits of any number by which creditor identifies debtor:  4628<br><br>      **3a. Debtor may have scheduled account as:** | [ ]Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5). |
| **4. Secured Claim**<br>   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and  provide the requested information.<br><br>Nature of property or right of setoff:  [ ]Real Estate     [ ]Motor Vehicle    [ ]Other<br>**Describe:**<br><br>**Value of Property: $**       **Annual Interest Rate  %**<br><br>**Amount of arrearage and other charges as of time case filed included in secured claim,**<br><br>**if any: $**    **Basis for perfection**<br><br>**Amount of Secured Claim:**    **Amount Unsecured:** | [ ] Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507(a)(7).<br><br>[ ]Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).<br><br>[ ]Other – Specify applicable paragraph of 11 U.S.C. §507(a)(_). |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | **Amount entitled to priority:** |
| **7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | $<br><br>*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

| Date: 12/08/2010 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FOR COURT USE ONLY |
|---|---|---|

Joyce Montjoy, Bankruptcy Recovery Manager of Resurgent Capital Services as servicing agent for
LVNV Funding LLC

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.



P.O. Box 10587
Greenville, SC  29603-0587

Phone:  (864) 235-7336
Fax:  (864) 248-8790
e-Mail:  askbk@resurgent.com

**Proof of Claim – Account Detail**

| Borrower Information | |
|---|---|
| Borrower Name: | Taranto,Selina |
| SSN (redacted): | 8409 |
| Address: | PO BOX 2883113 |
| City: | SIOUX FALLS |
| State, Zip: | SD 57186-0001 |

| Bankruptcy Case Information | |
|---|---|
| EASTERN DISTRICT of NEW YORK | |
| Trustee Name: | Michael Macco |
| Bankruptcy Case Number: | 1076041 |
| Chapter: | 13 |

| Account Information | |
|---|---|
| Account Number (redacted): | 4628 |
| Amount due as of the date the bankruptcy case was filed**: | $2,928.28 |
| Charged off by original creditor on: | 11/16/2007 |
| Last transaction date: | 09/09/2010 |

| Creditor Information | |
|---|---|
| Current Creditor*: | LVNV Funding LLC |
| Purchased by Creditor from: | Citibank |
| Alternative names (if any) for this creditor: | Citibank / SEARS PREMIER CARD |

***Resurgent Capital Services** services this account on behalf of the current creditor.  Please send any bankruptcy or related notices on this account to our attention at the following address:

Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587
Telephone No.     (864) 235-7336

**Information on this account was obtained from the data files received from the assignor and other information such as Bankruptcy Court records.

The **assignor** has verified that the balance recorded above is the balance of the account as of the filing date of the bankruptcy and does not include post petition interest, late fees, return check fees, charges representing credit protection plan fees or insurance fees or other charges.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
————————————————————————————————

In Re:                                          **Affirmation of Service**
         SCOTT & SELINA TARANTO,                Case No.: 10-76041-ast
                                                Chapter 13
                         Debtor(s)

————————————————————————————————

          Michael Kinzer, an attorney at law duly licensed to practice law in the State of New

York and admitted to practice in the Eastern District of New York, states that on June 22,

2011, he mailed a copy of the attached *Application and Order, Affirmation in Support,*

*Affidavits in Support with all Exhibits Attached thereto* in a post paid wrapper in an official

depository of the U.S. Postal Service located within the State of New York to the following:

Marianne DeRosa, Esq.
115 Eileen Way Ste 105
Syosset NY 11791

Office of the United States Trustee
The Long Island Federal Courthouse
560 Federal Plaza
Central Islip NY 11722

LVNV Funding LLC
Resurgent Capital Services
PO Box 10587
Greenville SC 29603-0587

Palisades Collections, LLC
Vativ Recovery Solutions LLC
As Agent for Palisades
POB 19249
Sugar Land TX 77496

eCast Settlement Corporation
POB 35480
Newark NJ 07193-5480

Dated:  Babylon NY
        June 22, 2011

                                        */s/ Michael Kinzer*